UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK KLAHM,

    Plaintiff,

v.

                                                   CASE NO.:

DICK DEVOE BUICK-CADILLAC, INC.,
d/b/a DEVOE CADILLAC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MARK KLAHM ("Plaintiff") by and through undersigned counsel, hereby sues Defendant DICK DEVOE BUICK-CADILLAC, INC., d/b/a DEVOE CADILLAC ("DEVOE CADILLAC") and alleges as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the federal question subject matter of this civil rights action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as made applicable by 29 U.S.C. § 626(b). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims brought under the FCRA, which are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Collier County, Florida, where DEVOE CADILLAC operates a car dealership and is conducting business.

4. This Court has personal jurisdiction over DEVOE CADILLAC because it systematically and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including at 4100 Tamiami Trail N., Naples, FL 34103, and because the case arises out of DEVOE CADILLAC's unlawful conduct within this District.

## PARTIES

5. DEVOE CADILLAC is engaged in an industry affecting commerce, has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is a covered employer under the ADEA and FCRA.

6. Plaintiff, a citizen of Florida and resident of Collier County, is the former General Manager of DEVOE CADILLAC who was employed by DEVOE CADILLAC from 2005 through May 4, 2021.

7. Plaintiff is an employee within the meaning of the ADEA and FCRA and an individual entitled to protection under the ADEA and FCRA.

## GENERAL ALLEGATIONS

8. On May 4, 2021, DEVOE CADILLAC terminated Plaintiff's

employment because of age.

9. Plaintiff has complied with all conditions precedent to the filing of this action as required by 42 U.S.C. § 2000e-5(f)(1) and (3). A Charge of Discrimination was dual filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") within 300 days of the unlawful employment practice. Plaintiff filed this action within 90 days of having received a Right to Sue notice from the EEOC (attached hereto as Exhibit "A"), after the charge had been pending with the EEOC and FCHR for more than 180 days and within four years of the discrimination. All administrative prerequisites have been satisfied and this action is timely filed.

10. As the General Manager of DEVOE CADILLAC, Plaintiff was an excellent long-term employee with no employee warnings or negative actions in his file for the last 15 years.

11. Prior to terminating Plaintiff's employment, DEVOE CADILLAC's owner Mark DeVoe formulated a plan to restructure the company with a younger workforce to support his younger 35-year-old son, Rich DeVoe, as he took over the leadership going forward.

12. Prior to firing Plaintiff, Mr. DeVoe made several comments to him and his management team about not hiring older salespeople (50+) and instructed them to hire only younger salespeople. Specifically, he has declared no more "old guys."

13. In addition, Mr. DeVoe made comments during corporate meetings

about Plaintiff not being "up-to-date" on the latest technology because they were older. This pattern of ageist comments reflects a strong discriminatory animus against older workers. He has also made derogatory comments in Cadillac corporate meetings in regard to national advertising and questioning why all the new ads have to have mixed race couples.

14. Further demonstrating his ageist animus, Mr. DeVoe instructed Plaintiff (just prior to his termination) to move three salesman to part time status based on their age. All of these employees were over 70+ and had been with the company 15 years or longer. These adverse actions are clearly part of Mr. DeVoe's strategy to rid the company of its older employees and replace them with a younger staff for when his 35-year-old son takes over.

15. Within 15 minutes after Plaintiff's termination, owner Mr. DeVoe announced that his younger son would be promoted to replace Plaintiff as General Manager. At the same time, Mr. DeVoe promoted another younger manager, John Shepard, to manage the Service and Parts departments and the Collison Center. It is clear the email had been drafted well prior to Plaintiff's termination and that the reason Mr. DeVoe gave Plaintiff for his dismissal was a fabricated pretext for unlawful age discrimination. Later in May 2021, Mr. Devoe called Pete Widener, the 56-year-old Pre-Owned Manager into his office and asked him to resign.

16. DEVOE CADILLAC has a history of workplace age discrimination. For example, William Borg worked in the parts department for DEVOE CADILLAC. Mr. Borg was 62 years old when he was terminated by DEVOE CADILLAC. He was

replaced with an employee under the age of 40. Mr. Borg filed a charge of discrimination with the EEOC, after which he filed a civil action. In 2015, DEVOE CADILLAC entered into a settlement with Mr. Borg. *See Borg v. Dick DeVoe Buick Cadillac, Inc.*, No.: 2:14-cv-00582-SPC (M.D. Fla. 2015).

17. Likewise, Ernesto Lorie was 55 years old when he was terminated by DEVOE CADILLAC. Mr. Lorie worked in the parts department until DEVOE CADILLAC replaced him with a 24-year-old worker. In 2015, the DEVOE CADILLAC entered into a settlement with Mr. Lorie. *See Lorie v. Dick DeVoe Buick Cadillac, Inc.*, No.: 2:14-cv-00409-SPC (M.D. Fla. 2015).

18. There are no legitimate, non-retaliatory reasons for the afore-stated discriminatory actions.

19. DEVOE CADILLAC may claim that it terminated Plaintiff's employment not because of age, but rather because of two transactions involving vehicles he purchased for himself and his daughter. The truth is, however, that Plaintiff did nothing inappropriate with respect to these transactions.

20. DEVOE CADILLAC admits that it permits "family deals." As DEVOE CADILLAC is aware, the company did not lose money on the deals when "packs" and end of month corporate compensation (e.g. Pinnacle Bonus) are factored in.

21. Each transaction was typical of how the company handled so-called "family deals," which is why these two transactions were never raised as a concern when or after they occurred in October and December 2020.

22. Not only were these deals fully approved by the Pre-Owned Manager,

5

but all employee deals cross Mr. DeVoe's desk, so he had to sign off on the deals at the time.

23. It was not until Mr. DeVoe decided to fire Plaintiff in May 2021 because of age (as part of the restructuring to provide a younger workforce for his newly promoted son) that these transactions were ever raised as an issue.

24. If Mr. Devoe really considered these deals questionable (which he did not), he would have made Plaintiff aware of this much earlier. Notably, Plaintiff never received any progressive discipline or employee warnings for this or any other reason. As the Eleventh Circuit held in *Chavez v. Credit Nation Auto Sales, LLC*, 641 Fed. Appx. 883 (11th Cir. 2016), failure to follow the company's progressive discipline policy is convincing evidence of discrimination.

25. DEVOE CADILLAC used these "deals" as a pretextual basis to try to make the discriminatory employment termination appear legitimate.

26. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## Age Discrimination in Violation of the ADEA

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 26.

28. DEVOE CADILLAC's conduct as herein alleged violated the ADEA, which prohibits age discrimination.

29. As a proximate result of DEVOE CADILLAC's discriminatory actions, Plaintiff has suffered injury, for which Plaintiff is entitled to legal and injunctive relief.

30. Plaintiff has suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

31. DEVOE CADILLAC's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

32. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## Age Discrimination in Violation of the FCRA

33. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 26.

34. DEVOE CADILLAC's conduct as herein alleged violated the FCRA, which prohibits age discrimination.

35. As a proximate result of DEVOE CADILLAC's discriminatory actions, Plaintiff has suffered injury, for which Plaintiff is entitled to legal and injunctive relief.

36. Plaintiff has suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

37. DEVOE CADILLAC's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

38. Plaintiff requests relief as described in the Prayer for Relief below.

**WHEREFORE**, Plaintiff, MARK KLAHM, requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADEA and FCRA;

2. Grant all injunctive relief necessary to bring DEVOE CADILLAC into compliance with the ADEA and FCRA;

3. Order DEVOE CADILLAC to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of DEVOE CADILLAC's unlawful actions, in amounts to be proven at trial;

4. Order DEVOE CADILLAC to pay liquidated damages pursuant to the ADEA;

5. Order DEVOE CADILLAC to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

6. Order DEVOE CADILLAC to pay exemplary and punitive damages pursuant to the FCRA;

7. Order DEVOE CADILLAC to pay attorneys' fees and costs of the action pursuant to the ADEA and FCRA;

8. Order DEVOE CADILLAC to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

9. Grant any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated: April 6, 2023

Respectfully submitted,

*/s/ Jay P. Lechner*
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
admin@jaylechner.com
*Lead Counsel for Plaintiff*